## PALMER v. PALLADIUM PRINTING CO.

(Supreme Court, Appellate Division, First Department. April 9, 1897.)

PLEADING—MOTION TO STRIKE OUT—ACTION FOR LIBEL.

A paragraph of an answer, pleaded as a defense and in mitigation of damages, which relates the circumstances under, and the intent with, which defendant published the alleged libelous article, will not be stricken out as irrelevant or redundant, but the question of the admissibility of such facts should be determined on the trial.

Appeal from special term, New York county.

Action by Tyndale Palmer against the Palladium Printing Company for libel.   From an order striking out portions of the answer as irrelevant and redundant, defendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

D. P. Morehouse, for appellant.
S. N. Ten Eyck, for respondent.

INGRAHAM, J. The third paragraph of the answer, a portion of which was stricken out by the court below as irrelevant and redundant, is pleaded "for a third defense, and in mitigation of any damages the plaintiff may establish against the defendant." The nature of the allegation stricken out relates to the circumstances under which the defendant, a publisher of a daily newspaper, inserted in the paper the article which is alleged to have been libelous, and the intent with which the publication was made. By section 535 of the Code it is provided that the defendant may prove mitigating circumstances, notwithstanding that he has pleaded or attempted to prove a justification; and in pleading facts which it is claimed are admissible in mitigation of damages the court should hesitate before striking out the allegations of facts thus pleaded, as it is much more satisfactory to have the question as to the competency of such facts determined upon the trial than upon a motion of this character. There is much force added to this consideration when it appears that at least some of the allegations thus pleaded are in answer to allegations of the complaint. In this case many of the allegations of facts stricken out appear to be in answer to paragraph 3 of the complaint, and the others are not so clearly irrelevant as to justify the court in granting the motion. Bradner v. Faulkner, 93 N. Y. 518. It also appears that the libels in this case are claimed to be such as would justify the court in submitting the question of actual malice to the jury; and the question as to just what facts are admissible to disprove actual malice, and just what facts are admissible in mitigation of damages, can in such an action be much more satisfactorily determined by a trial than on such a motion. Without passing upon the question as to the admissibility of these facts thus alleged as evidence, either to disprove express malice or in mitigation of damages, we think the motion should have been denied upon the ground that the question of the admissibility of the facts here allowed in evidence should be determined upon the trial of the action.

The order appealed from is reversed, with $10 costs and disbursements, and the motion to strike out denied, with $10 costs. All concur.